IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK JOHN NORTHUP | § | |
|     TDCJ-CID NO. 1469152 | § | |
| v. | § | C.A. NO. C-10-085 |
| | § | |
| RICK THALER | § | |

**OPINION DENYING PETITIONER'S MOTIONS**
**FOR DISCOVERY AND APPOINTMENT OF COUNSEL**

Petitioner is a state inmate currently incarcerated at the Beto Unit in Tennessee Colony, Texas who has filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction. (D.E. 1). Pending is petitioner's motion for interrogatories from respondent. (D.E. 7). Pending also is petitioner's motion for appointment of counsel. (D.E. 10).

A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery <u>only if and only to the extent that the district court finds good cause</u>." <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); <u>see also</u> <u>United States v. Webster</u>, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" <u>Lave v. Dretke</u>, 416 F.3d 372, 381 (5th Cir. 2005) (quoting <u>Ward v. Whitley</u>, 21 F.3d 1355, 1367 (5th Cir. 1994)).

On March 22, 2010, an order for service of process was issued. Respondent has thirty days from the receipt of the order to file an answer. In conjunction with his answer, respondent

will file various records related to petitioner's allegations with the Court, which he will also provide to petitioner. Thus, petitioner's motion is premature.

There is no constitutional right to counsel in federal habeas proceedings. <u>Wright v. West</u>, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); <u>see</u> <u>also</u> <u>Elizalde v. Dretke</u>, 362 F.3d 323, 329 (5th Cir. 2004) (same); <u>Johnson v. Hargett</u>, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues that mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing. Indeed, respondent has not yet filed an answer to the petition.

Counsel will be assigned <u>sua</u> <u>sponte</u> if there are issues that mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. <u>See</u> Rule 6(a) of the Rules Governing § 2254 Cases; <u>Thomas v. Scott</u>, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for interrogatories from respondent, (D.E. 7), is DENIED without prejudice. Additionally, petitioner's motion for the appointment of counsel, (D.E. 10), is DENIED without prejudice.

ORDERED this 23rd day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE