IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK JOHN NORTHUP | § | |
|    TDCJ-CID NO. 1469152 | § | |
| v. | § | C.A. NO. C-10-085 |
| | § | |
| RICK THALER | § | |

## OPINION DENYING MOTIONS FOR EVIDENTIARY HEARINGS

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Beto Unit in Tennessee Colony, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a state conviction. (D.E. 1). Pending is petitioner's motion for a hearing de novo regarding his habeas petition. (D.E. 4). Pending also is petitioner's motion for an extrinsic evidence hearing regarding the lack of any tattoo on his left arm. (D.E. 9).

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing the basis for evidentiary hearing).

Petitioner is challenging his conviction for robbery by the 36th Judicial District Court in Aransas County, Texas. (D.E. 1, at 2). In the pending motion, he argues for an evidentiary

hearing to address the merits of the grounds for relief that he raises.  Respondent has not yet filed an answer.  If an evidentiary hearing is determined to be necessary, then one will be set.

Accordingly, it is ORDERED that petitioner's motion for a hearing de novo, (D.E. 4), be DENIED without prejudice.  Additionally, it is ORDERED that petitioner's motion for an extrinsic evidence hearing, (D.E. 9), be DENIED without prejudice.

ORDERED this 24th day of March 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE