IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KIRK JOHN NORTHUP | § | |
| | § | |
| v. | § | C.A. NO. C-10-085 |
| | § | |
| RICK THALER | § | |

**AMENDED MEMORANDUM AND RECOMMENDATION**
**TO DENY PETITIONER'S MOTION FOR A DEFAULT JUDGMENT**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pending is petitioner's motion to vacate judgment and sentence. (D.E. 31). Essentially, he is seeking a default judgment because respondent did not file an answer within thirty days of the order for service of process. Id. at 3. The pending motion is construed as a motion for a default judgment, and based on the reasons addressed below, it is respectfully recommended that the motion be denied.

## I. DISCUSSION

Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief. See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a

habeas corpus petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."). The Fifth Circuit has found that a district court should not have "visited upon the community the consequences" of granting habeas corpus relief because of the government's delay in responding to a court order. Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).

Petitioner argues that respondent was to file his answer by June 3, 2010. (D.E. 31, at 3). He asserts that as of June 7, 2010, he had not received any answer. Id. Accordingly, he argues that his judgment and sentence should be vacated . Id.; see also (D.E. 1).

The service order in this case ordered respondent to file an answer "within thirty days of receipt of the petition." (D.E. 18, at 1). Based on the order for service of process, respondent's answer was due on April 24, 2010. (D.E. 24, at 1). An extension of time to file was granted until May 24, 2010. (D.E. 25). Respondent filed a second motion for an extension of time to file an answer, (D.E. 27), which was granted until June 3, 2010. (D.E. 28). On June 3, 2010, respondent timely filed his answer to the petition. (D.E. 29). The certificate of service indicates that the answer was sent to petitioner at the Beto Unit by mail. Id.

at 26. Thus, petitioner's argument that he is entitled to relief because respondent has not filed an answer is unfounded.

## II. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that petitioner's motion to vacate judgment and sentence, (D.E. 31), treated as a motion for a default judgment, be denied because he is not entitled to a default judgment.

Respectfully submitted this 23rd day of June 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).